IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 00-cv-02404-MJW-OES

JAMES A. WINGERS,

    Plaintiffs,

v.

JENNIE M. SWEET, et al.,

    Defendants.

---

**ORDER REGARDING
DEFENDANTS' MOTION TO SET AMOUNT OF ATTORNEY'S FEES AWARD
(DOCKET NO. 117)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on the Defendants' Motion to Set Amount of Attorney's Fees Award (docket no. 117).  The parties have consented to have United States Magistrate Judge Michael J. Watanabe conduct any or all proceedings and order the entry of judgment in the case pursuant to 28 U.S.C. § 636(c).  The court has reviewed the motion and has taken judicial notice of the court's file.  In addition, the court has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On October 5, 2006, the Tenth Circuit Court of Appeals issued an order in case number 04-1329, granting the United States' motion for attorney's fees and remanding

to the district court for further proceedings consistent with this order and consistent with Hoyt v. Robson, 11 F.3d 983, 985 (10th Cir. 1993) (holding that an application for appeal-related attorney fees is first made to this court, and if an award is appropriate, the matter should be remanded to the district court to determine an award of reasonable fees).  Per this remand, this court has considered the subject motion, the affidavit from Defendants' counsel, AUSA Roxane J. Perruso, and the itemized attorney's fees statement.  It should be noted that Plaintiff has failed to timely response to the subject motion, and this court deems the motion confessed.

The benchmark for an award of attorneys fees under nearly all of the federal statutes authorizing an award of attorney's fees is that the amount of the fees awarded be reasonable.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 562 (1986).  "The lodestar figure-reasonable hours times reasonable rate-is the mainstay of the calculation of a reasonable fee."  Anderson v. Secretary of Health and Human Servs., 80 F.3d 1500, 1504 (10th Cir. 1996).

In this case, this court has considered those factors as outlined in the cases of Poolaw v. City of Anadarko, Okl., 738 F.2d 364 (10th Cir. 1984), overruled on other grounds, Skinner v. Total Petroleum, Inc., 859 F.2d 1439, 1445 n.6 (10th Cri. 1988), and Blanchard v. Bergeron, 489 U.S. 87 (1989).  Taking these factors into consideration, this court finds that the hourly rate of $129.44 for Defendants' counsel, AUSA Roxanne J. Perruso, is a fair and reasonable hourly rate for attorneys practicing law in Denver, Colorado.  Further, this court finds that 67.50 hours to defend this appeal is fair and reasonable and was necessary.  Accordingly, this court concludes that reasonable and

3

necessary attorney's fees in the amount of $8,737.20 should be awarded to Defendants.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendants' Motion to Set Amount of Attorney's Fees Award (docket no. 117) is **GRANTED**;

2. That Plaintiff James A. Wingers shall pay to the Defendants United States of America, the Secretary of Agriculture, and the United States Forest Service the sum of $8,737.20 for reasonable and necessary attorney's fees;

3. That Plaintiff James A. Wingers shall pay such attorney's fees to Defendants United States of America, the Secretary of Agriculture, and the United States Forest Service on or before March 2, 2007.

Done this 29th day of January 2007.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge